In the Matter of John A. McGUIRE and Paula McGuire and Norris McGuire, Individually and d/b/a Webb Oil Company, Bankrupts.

Bankruptcy Nos. 78–202 Erie to 78–205 Erie.

United States Bankruptcy Court, W. D. Pennsylvania.

June 9, 1981.

Milton W. Rosen, Rosen & Rosen, and John R. Gavin, Oil City, Pa., for trustees in bankruptcy.

Christopher G. Hauser, McDowell, McDowell, Wick & Daly, Bradford, Pa., for Penn-Well Logging, Inc.

## MEMORANDUM AND ORDER

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

The trustees of the estate of the within named bankrupts filed a Petition for leave to sell a promissory note of the Penn-Well Logging, Inc. payable to the bankrupt, Norris R. McGuire, dated February 14, 1978 on which a balance of $74,292.25 is payable over a period of ten years together with 300 shares of stock in said Penn-Well Logging, Inc. allegedly owned by said Norris R. McGuire at private sale to J. K. Gregg for the sum of $40,000.00, and to direct said Penn-Well to issue certificates for the 300 shares of stock to the trustees. Defense is made by Penn-Well that the $300 subscription price owing for the stock has not been paid and that the trustees have lost their right to have certificates issued for it for two reasons: (1) The $300 price for the stock under the bankrupt's stock subscription agreement entered into at the time of the organization of the corporation and the execution of the note has not been paid and the trustees have lost or forfeited their right to offset the amount owing under said subscription agreement against the company's liability on the note because no affirmative action was taken before or after the bankruptcy filing to assert said right of setoff, and (2) the stock subscription agreement is an executory contract which must be deemed to have been rejected because no action was taken to assume it within sixty days of the filing of the bankruptcy petition or after Penn-Well apprised the trustees of its existence. Both defenses are unmeritorious if not frivolous and must be rejected:

1. Regardless of the fact that a creditor must petition the Court for relief from the automatic stay applicable to setoff situations under the provisions of Sections 553 and 362 of the Bankruptcy Reform Act of 1978, the setoff here in issue is asserted on behalf of the bankrupt's estate, not a creditor, and in addition, the right of setoff is mandatory and self-executing unless waived under Section 68 of the former Bankruptcy Act applicable to this case under Section 403 of the Act of 1978. See cases cited at 9 Am.Jur.2d 403, 404 and pocket parts thereto and 4 Collier on Bankruptcy, 15th Ed. ¶ 553.12 at pages 553, 554. See also *In re Standard Furniture Company*, 3 B.R. 527 (Bkrtcy.S.D.Cal.1980) where it was said

(from page 530): "In a non-chapter case a lessor may resolve his doubts about his lease by requesting the Court to order the trustee to assume or reject it within a certain period of time.

(from page 531): "Section 533 does not affect the trustee's claim of offset anyway, as that section by its terms, is applicable only to the right of setoff by a *creditor*.... The trustee's right of off-

set is a defense of the debtor which the trustee may assert under Section 541(e) of the code." (emphasis not supplied)

■ 2. The note on which Penn-Well owes the bankrupt a balance of $74,292.25 was contracted in connection with a loan of the Webb Oil Company to finance the formation and organization of the corporation and the commencement of its operations. The nominal subscription price of $1.00 a share for McGuire's 300 shares of stock must be setoff against the obligation of Penn-Well's note under common law principles as well as the mandatory provisions of Section 68(a) of the Bankruptcy Act which require that an

"account shall be stated and one debt shall be setoff against the other, and the balance only shall be allowed or paid".

The setoff is in favor of the bankrupt, not a creditor, as in the cases on which Penn-Well relies, and Penn-Well has been in default in its obligation to issue the shares of stock since it came into existence on the date of the $74,000.00 note. To assert that it should be permitted to forfeit the bankrupt's ownership of its valuable stock because the trustees took no steps to assume the alleged "executory contract" which involves only the payment of the nominal sum of $1.00 a share and not even that since Penn-Well owed it hundreds of times the total of $300.00 allegedly owing it under its contra indebtedness in the original amount of $100,000.00 which financed its very creation and coming into existence, is asking that it be allowed to take advantage of its own wrong in failing to promptly or belatedly perform its reciprocal obligations. The subscription contract does not provide that time is of the essence, but even when time is of the essence rights are not forfeitable when the only default involved is delay in the payment of money as payment of interest (in this situation none) is uniformly held adequate compensation for such delay. Equity looks upon that as done which ought to have been done. Equity abhors a forfeiture. Equity does not require the performance of a vain and useless thing.

IT IS ORDERED that Penn-Well Logging, Inc. shall issue stock certificates for 300 shares of its common capital stock to the trustees in bankruptcy of Norris R. McGuire, bankrupt, forthwith and without further delay, and also forthwith make available to said trustees the information and documents enabling them to fully estimate and appraise the value of said stock requested in their pleading.